UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SHILO HILL,<br><br>Defendant. | 3:19-CR-30101-RAL<br><br><br>OPINION AND ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE |

Defendant Shilo Hill pleaded guilty to possession of a firearm by a prohibited person and was sentenced by this Court to 84 months imprisonment. Docs. 84, 96. Hill filed a motion for reduction in sentence under Part A of Amendment 821 to the Sentencing Guidelines, arguing that his sentence should be reduced to a term of 70 months. Doc. 124. The Government filed a response, agreeing with Hill that he is eligible for a sentence reduction and supports a sentence reduction to 70 months. Doc. 126. For the reasons explained below, Hill's motion is granted.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points

or fewer receives no status points. On August 24, 2023, the Commission decided that this change applies retroactively. See § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting § 1B1.10(b)(2)(A)).

At the time of sentencing, Hill had 6 criminal history points before the addition of 2 "status points." Doc. 112. With a total criminal history score of 8, Hill was placed in Criminal History Category IV. For a total offense level of 25, his recommended guideline range was 84 to 105 months, and this Court sentenced him to the bottom of that range. Applying Part A to Amendment 821, Hill no longer receives the additional two "status points." This results in a total criminal history score of 6, placing Hill in Criminal History Category III. Hill's recommended guideline range now becomes 70 to 87 months. A reduction in Hill's sentence from 84 months to 70 months is consistent with and reflects this Court's initial decision, after considering the § 3553(a) factors, to sentence Hill to the bottom of the guideline range. Thus, it is

ORDERED that Hill's motion for reduction in sentence, Doc. 124, is granted to the extent that the sentence is lowered from 84 months to 70 months of incarceration. It is further

ORDERED that the Probation and Pretrial Services Office prepare an Amended Judgment in a Criminal Case reflecting sentence reduction from 84 to 70 months but making no other changes to the terms of the prior Judgment in a Criminal Case.

DATED this 4th day of November, 2024.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE